UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gwendolyn Dianette Walker, as Personal Representative of the Estate of Robert Lee Walker, ) ) ) ) Plaintiff, ) ) v. ) ) Liberty Mutual Insurance Company and ) K and W Cafeterias Inc., ) ) Defendants. ) _____) | Civil Action No.: 4:16-cv-01388-RBH **ORDER** |

This matter is before the Court for resolution of five pending motions: Plaintiff's motion for judgment on the pleadings, Plaintiff's motion for interpleader, and Defendant's three motions to stay, or in the alternative, to continue.  *See* ECF Nos. 10, 16, 19, 20, & 25.  The Court denies all motions for the reasons explained below.

**Facts and Procedural History**

On May 16, 2012, Plaintiff's husband died in an automobile accident in Dillon, South Carolina. At the time of the accident, Plaintiff's husband was an employee of Defendant K & W Cafeterias, Inc. ("K & W") and was operating a vehicle that was owned by K & W and that had been assigned to him for his use and convenience while traveling for business purposes.[1]  The vehicle was insured under a policy that included underinsurance coverage.  Plaintiff filed a wrongful death and survival action, and on February 9, 2016, she reached a settlement on behalf of her husband's estate that included payment under the vehicle's underinsurance coverage as well as her own policy of underinsurance coverage.

---

[1] The vehicle was registered and bore a South Carolina license tag, and was maintained and garaged in South Carolina.

Plaintiff also submitted a claim for workers' compensation benefits to the North Carolina Industrial Commission and received said benefits pursuant to the North Carolina Workers' Compensation Act. Pursuant to an order of the North Carolina Industrial Commission, Defendant Liberty Mutual Insurance Company ("Liberty Mutual")—which has paid the workers' compensation benefits—asserts a lien against the settlement proceeds under operation of North Carolina workers' compensation law.

On March 30, 2016, Plaintiff initiated the instant lawsuit by filing a declaratory judgment action against the two Defendants in state court, seeking a declaration as to whether Defendants are entitled to assert a claim against any and all settlement proceeds, including those settlement proceeds paid under the underinsurance coverage. *See* ECF No. 1-1. Defendants were served with the complaint on April 2, 2016, removed the action to this Court on May 2, 2016, and filed answers on May 9, 2016. *See* ECF Nos. 1, 5, & 6. Thereafter, Plaintiff filed a motion for judgment on the pleadings and a subsequent motion for interpleader, and Defendants filed three motions to stay, or in the alternative, to continue. *See* ECF Nos. 10, 16, 19, 20, & 25.

## Discussion

**I.     Plaintiff's Motion for Judgment on the Pleadings**

Plaintiff moves for judgment on the pleadings, asserting she is entitled to judgment because the Court has personal and subject matter jurisdiction and because Defendants are not entitled to subrogate against underinsurance proceeds under South Carolina law.[2] *See* ECF No. 10.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings

---

[2]     Plaintiff cites section 38-77-160 of the South Carolina Code, which provides that underinsurance "[b]enefits paid pursuant to this section are not subject to subrogation and assignment." S.C. Code Ann. § 38-77-160.

2

"[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Thus, in considering a Rule 12(c) motion, "all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1368 (3d ed. 2011). "A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment motion or a full trial is necessary." *Id.* "An issue of fact is deemed to be material if the outcome of the case might be altered by the resolution of the issue one way rather than another." *Id.* "Thus, the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Id.* "A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings. It also may result from the defendant pleading new matter and affirmative defenses in his answer." *Id.* "[W]hen the plaintiff moves for judgment on the pleadings, the motion should be granted if, 'on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" *Lowden v. Cty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010) (quoting *United States v. Blumenthal*, 315 F.2d 351, 352 (3d Cir. 1963)).

Here, Plaintiff is not entitled to judgment on the pleadings because Defendants' answers raise issues of fact that, if proved, could possibly defeat recovery. First, Defendants have denied several facts alleged in Plaintiff's complaint relating to (1) whether the vehicle's underinsurance policy was procured to conform to South Carolina law and (2) the exact nature of Plaintiff's settlement regarding certain

3

insurance coverages. *Compare* ECF No. 1-1 (Complaint) at ¶¶ 10-11, *with* ECF Nos. 5 & 6 (Answers) at p. 3. Second, and more significantly, Defendants plead new facts and raise affirmative defenses relating to the claim for workers' compensation benefits that Plaintiff submitted to the North Carolina Industrial Commission. *See* ECF Nos. 5 & 6 at pp. 4-6. Defendants allege (1) Plaintiff received workers' compensation benefits pursuant to the North Carolina Workers' Compensation Act; (2) the North Carolina Industrial Commission has exclusive personal and subject matter jurisdiction[3] over the matter; and (3) Plaintiff's claims are barred by legal and equitable estoppel, waiver, arbitration and award, and accord and satisfaction. *Id.* Defendants' affirmative defenses rely on material allegations of fact that preclude the summary procedure of judgment on the pleadings. *See generally In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, No. 2:12-CV-01297-DCN, 2013 WL 427345, at *1 (D.S.C. Feb. 4, 2013) ("Courts follow 'a fairly restrictive standard' in ruling on Rule 12(c) motions, as 'hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense.'" (quoting Wright & Miller, *supra*, § 1368)). Accordingly, the Court will deny Plaintiff's motion for judgment on the pleadings.

## II.     Plaintiff's Motion for Interpleader

Plaintiff moves for interpleader pursuant to Federal Rule of Civil Procedure 22, asking the Court to allow her "to interplead any and all sums that are due to the Defendant Liberty Mutual Insurance Company, which it is allowed under the law as a workers['] compensation lien holder."[4] ECF No. 16-1

---

[3]     Defendants' argument regarding personal jurisdiction appears to be without merit because they both admit in their answers that they do business in Horry County, South Carolina. *See* ECF Nos. 5 & 6 at ¶¶ 2-3.

[4]     Plaintiff states her attorney is holding in his trust account settlement proceeds from the wrongful death/survival action in the amount of $962,500.00. ECF No. 16-1 at 1. Plaintiff moves to deposit "any and all legally allowed sums that are possibly due to" Liberty Mutual, and asserts "the Court can exercise its quasi in rem

at 1. Plaintiff also seeks an order "restraining the Defendants from seeking a determination as to their lien amount and disbursement of same from the North Carolina Industrial Commission during the pendency of this action."[5]  *Id.*

Under Federal Rule of Civil Procedure 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). "Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." *Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002). " Interpleader is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Id.* "An interpleader action involves two stages. During the first stage, it must be determined whether the stakeholder has properly invoked interpleader." *Metro. Life Ins. Co. v. Vines*, No. CIV. WDQ-10-2809, 2011 WL 2133340, at *2 (D. Md. May 25, 2011). "The propriety of interpleader depends on whether the stakeholder 'legitimately fears' multiple litigation over a single fund." *Id.* "The Court considers whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) ***the stakeholder is actually threatened with multiple liability***; and (5) equitable concerns prevent the use of interpleader." *Id.* (emphasis added). "If interpleader is proper, the Court may direct the funds plus interest to be deposited with the Clerk, dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding

---

control over these proceeds during the pendency of this action." *Id.*  The exact amount of the lien being asserted is unclear.

[5]    Plaintiff requests this restraining order pursuant to 28 U.S.C. § 2361.  ECF No. 16-1 at 3.

against the stakeholder regarding the relevant insurance policy or plan." *Id.* "During the second stage, a scheduling order is issued and the case continues between the claimants to determine their respective rights." *Id.*

In this case, Plaintiff is not threatened with multiple liability because there is only one adverse claimant—Liberty Mutual[6]—to the funds Plaintiff is holding. Additionally, Plaintiff is not seeking to be dismissed with prejudice from this action and discharged from liability with respect to the funds she seeks to deposit, which is the standard course in a proper interpleader action.[7] Accordingly, the Court finds interpleader is improper and denies Plaintiff's motion for interpleader.[8]

### III.    Defendants' Motions to Stay, or in the Alternative, to Continue

The Court has carefully reviewed Defendants' motions to stay, or in the alternative, to continue. *See* ECF Nos. 19, 20, & 25. Having done so, the Court finds neither a stay nor a continuance is warranted and therefore denies Defendants' motions. *See generally Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) ("The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment to balance the various factors relevant to the expeditious and

---

[6]    Defendants state that K & W did not pay a deductible under Liberty Mutual's workers' compensation policy and that K & W is not asserting any rights to Plaintiff's settlement proceeds. ECF No. 14 at 3 n.2. Thus, K & W is not an adverse claimant to the proceeds.

[7]    The Court further notes this case was filed in state court and removed to this Court as a declaratory judgment action, *not* as an interpleader action. Although a party may file a motion for interpleader, *see, e.g.*, *Metropolitan Life Insurance Co. v. Brockett*, No. 3:05-cv-01675-MBS, 2006 WL 2988436, at *1 (D.S.C. Oct. 16, 2006), Plaintiff's motion is clearly improper in light of the above analysis—namely, the fact that Plaintiff seeks a declaratory judgment on the issue of Defendants' subrogation rights against the underinsurance settlement proceeds and asks for a determination that Defendants are not entitled to subrogation against those insurance proceeds according to South Carolina law. Meanwhile, Defendants' basic argument is that because Plaintiff stipulated that she was bound by the provisions of the North Carolina Workers' Compensation Act when receiving the workers' compensation benefits, the North Carolina Industrial Commission has exclusive jurisdiction over the underinsurance proceeds because the decedent was killed in a motor vehicle accident during the course of his employment with K & W.

[8]    At best, the relief Plaintiff seeks (depositing funds with the Court) may be requested pursuant to Federal Rule of Procedure 67, which permits a party, on notice to other parties and by leave of court, to deposit with the court a sum of money in dispute. *See* Fed. R. Civ. P. 67(a).

comprehensive disposition of the causes of action on the court's docket." (internal quotation marks omitted)). The Court directs the parties to submit a proposed consent amended scheduling order within five days of the date of this Order.

## Conclusion

For the foregoing reasons, the Court **DENIES** all pending motions [ECF Nos. 10, 16, 19, 20, & 25]. **The parties must submit a proposed consent amended scheduling order within five days of the date of this Order.**

**IT IS SO ORDERED.**

Florence, South Carolina  
March 16, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge